[Crim. No. 842. In Bank.—November 15, 1901.]

## Ex parte WILLIAM MAUCH, on Habeas Corpus.

CRIMINAL LAW — CRUELTY TO ANIMAL — COMPLAINT IN POLICE COURT — MALICE — LANGUAGE OF STATUTE — EQUIVALENT IMPORT. — A .complaint in a police court charging the defendant with cruelty to an animal, committed "by willfully and unlawfully cruelly beating and torturing a certain dog," named, need not specifically charge that the act was malicious. Though malice is a necessary ingredient in the offense, it is necessarily involved in the charge of willful and unlawful cruelty, which is malice. It is sufficient to use language of equivalent import, without using the very language of the statute.

ID. — POLICE COURT OF MARYSVILLE — POWER OF LEGISLATURE — JURISDICTION OF OFFENSE CHARGED. — The legislature had power by the act of 1876 to provide in the reincorporation of the city of Marysville for a police court for said city; and its intent so to do is sufficiently manifested by the provisions of that act for the election of a police judge, and giving to him all the power granted to him by the Political Code, except the power to appoint clerks, and making the assessor *ex officio* clerk of the police court. A police judge implies a police court, and the jurisdiction of that court is defined by the provisions of the Political Code, which include the offense of which the defendant was convicted.

HABEAS CORPUS in the Supreme Court to the Sheriff of Yuba County to determine the validity of a conviction of the petitioner in the Police Court of the City of Marysville. R. R. Raish, Police Judge. ơ

The facts are stated in the opinion of the court.

Johnson & Redington, for Petitioner.

E. P. McDaniel, for Respondent.

BEATTY, C. J.— William Mauch was convicted in the police court of the city of Marysville upon a charge of cruelty to an animal, committed, as the complaint charged, by willfully and unlawfully cruelly beating and torturing a certain dog named "Sport," etc.

It is claimed that his imprisonment upon said conviction is unlawful because the complaint fails to charge that the act was malicious, and that malice is an essential ingredient of the crime. It is true that the beating and torturing must be ma-

licious, in order to constitute the offense (Pen. Code, sec. 597), but willful and unlawful cruelty is malice.   It is not necessary to lay the charge in the very language of the statute.   It is enough to use language of equivalent import.

It is further contended that the judgment of conviction is void because there is no such court as the police court in the city of Marysville.

Marysville was reincorporated by an act approved March 7, 1876.   (Stats. 1875–76, p. 149.)   By this act it was provided, (sec. 6) that the mayor and common council should elect all subordinate officers of the city, including police judge; (sec. 11) that the assessor should be *ex officio* clerk of the police court; and (sec. 13) that the police judge should exercise all the powers granted him by the Political Code, except the provisions of section 4425 (which empowers police judges to appoint clerks).   But the act does not, in express terms, create a police court.   In 1889 an act was passed to establish a police court in the city of Marysville.   (Stats. 1889, p. 214.)   The petitioner contends that the court depends for its existence on this act alone, and that the act is unconstitutional and void.

We do not deem it necessary to consider the objections to the validity of the act of 1889.   Conceding it to be invalid, the police court was lawfully established by the act of 1876.   There is no question that the legislature had the power to create a police court by the act to reincorporate the city, and the only question is, whether the intention to do so is clearly manifested by the terms of the act.

We think it is.   A police judge implies a police court ( *Quigg v. Evans*, 121 Cal. 546), and the act itself assumes the existence of the court, in the provision making the assessor, *ex officio*, its clerk.   The jurisdiction of the court is defined by the Political Code (secs. 4424–4432), and includes the offense of which the prisoner was convicted.

The prisoner is remanded.

McFarland, J., Harrison, J., and Temple, J., concurred.