[Crim. No. 2039. First Appellate District, Division Two.—December 21, 1938.]

THE PEOPLE, Respondent, v. CLARENCE M. STEPHENS, Appellant.

David B. Fyfe, Jr., and Guy A. Ciocca for Appellant.

U. S. Webb, Attorney-General, and F. Walter French, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury upon an information charging abandonment of his four minor children contrary to the provisions of section 271a of the Penal Code. A verdict of guilty was followed by a judgment

and a motion for a new trial which was denied. The appeal is from the judgment.

In the early part of May, 1936, the defendant left his family then consisting of his wife and three children. The fourth child was born about six weeks later. He made no contributions to their support after July 6th of that year, though knowing that they were all in destitute circumstances. The expenses of the birth of the fourth child, and the cost of maintenance of all four were borne by the county of Marin. In the meantime the defendant was gainfully employed and living in San Francisco under an assumed name and with another woman whom he represented to be his wife. The defendant did not take the witness stand, and made no defense to the charge laid.

His grounds of appeal will be taken in order. He complains that the evidence is insufficient to support the verdict. Substantial evidence was produced to prove the facts heretofore stated and supported the inference which the jury must have drawn that he intended to abandon his children and to cast their maintenance upon the charity of the county. His statements to the arresting officer were alone sufficient to prove his intention to abandon.

He complains of the admission in evidence of a transcript of his testimony taken at his preliminary hearing before the committing magistrate. He argues that the *corpus delicti* had not been proved before the testimony was read, and that there was no admission in the testimony tending to prove guilt. Proof had been made that the children had been left a charge upon the county in a wholly destitute condition. Proof of the *corpus delicti* to justify evidence of a confession or admission means proof that a crime has been committed. It is not required that proof of defendant's part in it must be first made. (*People* v. *Mohr,* 24 Cal. App. (2d) 580 [75 Pac. (2d) 616].) As to the second point, if there was no admission of guilt, there was no harm in admitting the testimony. (*People* v. *Thourwald,* 46 Cal. App. 261 [189 Pac. 124].)

Objections to the admission in evidence of the check of his employer and of his union card are not sound. Both showed the relations which defendant maintained with another woman whom he designated as his wife and to whom he

directed his wages be paid. They also showed his efforts to conceal his identity from his wife and the county officials. This evidence was competent and material to show the defendant's intent to abandon his children.

Some argument is made that the word "abandons" as used in section 271a of the Penal Code should be given the same meaning as in guardianship proceedings. The difference is manifest. Here the word applies to the act of intentionally failing to supply the needs of the child, while in the guardianship cases cited by appellant it is used to describe an act of complete relinquishment of the right of parental control. The case here finds ample support in *People* v. *Lewis*, 132 App. Div. 256 [116 N. Y. Supp. 893, 896] , *Nunn* v. *State*, 39 Ga. App. 643 [148 S. E. 165], and *Curtis* v. *State*, 48 Ga. App. 135 [172 S. E. 99].

The assignments of prejudicial misconduct on the part of the district attorney require no comment other than that they simply relate to the presentation of proof of the state's case, which was as a matter of course prejudicial to the appellant.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.