[Crim. No. 9982.   Second Dist., Div. Four.   Jan. 17, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MARGRETT HARRIS, Defendant and Appellant.

Erling J. Hovden, Public Defender, John M. Moore, James L. McCormick and Jerry F. Moore, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and John F. McLaren, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant and her codefendant Beverly Blackston were charged by information with a violation of Penal Code section 273a (endangering the life or health of children). They both pled not guilty and waived trial by jury. Defendant was found guilty as charged, and Mrs. Blackston was found not guilty. After defendant was sentenced to serve one year in the county jail sentence was suspended and she was placed on probation for three years. Her appeal is from the judgment.

On December 15, 1963, Officer Walker went to defendant's residence in response to a telephone complaint from one of her neighbors. After stating the reasons for his visit he was

admitted by the defendant. Upon entering, he observed five or six children between the front room and the bedroom. The defendant told him three of the children were her own. Their names were Andrea, Artie and Crystal. Three others in the house belonged to Mrs. Blackston.

Officer Walker observed an extremely filthy residence littered with dirt and debris and dirty clothes. Old food was mashed on the floor. There was a sickening odor of defecation everywhere. Cockroaches of all sizes were in every room of the house, crawling on the walls and ceilings and in cupboards.

In one of the bedrooms he saw a bed without sheets and a mattress completely black with dirt and filth. In the bathroom he observed a "potty stool" filled with defecation and flies, and defecation on the floor. On the bedroom floor there was dried defecation which had been stepped in. One bed had sheets on it, but they were filthy and appeared yellow from urine.

A child who was in bed had what appeared to be dried defecation on his legs. The sheet had dried onto his legs and had to be removed forcibly. The child's buttocks and thighs were raw and "appeared to be like a beefsteak."

A neighbor testified that defendant and about eight children had lived there for eight to ten months. He had not seen the defendant Blackston before the day the officers came. The bodies and clothes of the children were always dirty, and usually they were unattended by any adult. One night at 2 o'clock he was awakened and saw through the window that the children were running around the house, "the big ones slapping the little ones." On December 15, 1963, he saw a little girl playing with a little boy's privates. The boy was screaming with pain and no adult seemed to be about, so the witness called the police.

The defendant offered no defense.

### Interpretation and Constitutionality of the Statute

■ Defendant's first point on appeal is that Penal Code section 273a is unconstitutional in that it fails to establish a clearly defined standard of guilt. At the time of the offense the statute read: "Any person who willfully causes or permits any child to suffer, or who inflicts thereon unjustifiable physical pain or mental suffering, and whoever, having the

care or custody of any child, causes or permits the life or limb of such child to be endangered, or the health of such child to be injured, and any person who willfully causes or permits such child to be placed in such situation that its life or limb may be endangered, or its health likely to be injured, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison for not less than one year nor more than 10 years.''[1]

To meet defendant's contention it is helpful to review the decisions which have interpreted and applied the statute.

In *People* v. *Curtiss,* 116 Cal.App.Supp. 771 [300 P. 801], the court affirmed a conviction under the first clause of section 273a, holding that the language ''inflicts . . . unjustifiable physical pain'' was not unconstitutionally vague.

In *People* v. *Rodriguez,* 186 Cal.App.2d 433 [8 Cal.Rptr. 863], a conviction for manslaughter (Pen. Code, § 192) was reversed. The victim was defendant's child who had burned to death in the home while defendant was absent. There was no evidence as to the cause of the fire, or any evidence that defendant could reasonably have foreseen the probability of it. The Attorney General sought to uphold the conviction upon the theory that the defendant had killed her child ''in the commission of an unlawful act, not amounting to a felony,'' namely, a violation of Penal Code section 273a (which was at that time a misdemeanor offense). In rejecting this theory the court referred to Penal Code section 20[2] and stated that, an ''unlawful act,'' within the meaning of the manslaughter statute, was limited to acts done with criminal intent or criminal negligence. Defendant's conduct in leaving the child in the home without adult supervision was not such an ''unlawful act.''

*People* v. *Villalobos,* 208 Cal.App.2d 321 [25 Cal.Rptr. 111], was a prosecution for manslaughter, arising from the death of defendant's 3-year-old child by scalding. In affirming the manslaughter conviction, the appellate court said (at p. 326) : ''The unlawful act relied on by respondent is found in section 273a of the Penal Code. . . .

---

[1]This section was revised in 1965, but in its new form continues to make punishable ''Any person who . . . having the care or custody of any child . . . willfully causes or permits such child to be placed in such situation that its person or health may be endangered, . . .''

[2]''In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence.''

"The evidence was sufficient for the jury to determine that defendant committed an act which endangered the life or limb of the child by placing her in the washbasin and turning on the hot water spigot. The jury could find from the evidence that defendant violated section 273a of the Penal Code."

No question was raised in that case as to the constitutionality of section 273a.

*People* v. *Beaugez*, 232 Cal.App.2d 650 [43 Cal.Rptr. 28] (hearing denied by Supreme Court April 28, 1965), was the first felony prosecution under section 273a to reach an appellate court. In that case a 5 month-old child was found to have suffered fractures, bruises and contusions of a kind which strongly indicated wilful violence by someone. There was no direct evidence that the parents (the defendants) had abused the child and they denied having done so. The prosecution went forward, not upon the theory that defendants had inflicted the injury, but upon the charge that they had permitted it. The appellate court affirmed the conviction, holding that the statute was not so uncertain as to violate due process. Pertinent here is the following language from that opinion (at p. 656): "The charge here falls within the third category of prohibited conduct, i.e., the wilful creating of a situation where the life or limb of a child may be endangered or his health injured.

"The type of conduct which this portion of the statute seeks to reach defies precise definition. In number and kind the situations where a child's life or health may be imperiled are infinite. Yet the aim of the statute is not obscure and its objective is a salutary social one. It seeks to protect children from wilful mistreatment whether directly or indirectly applied." (At p. 658): ". . . we construe 'willfully' as used in Penal Code section 273a to mean 'purposeful' or 'with knowledge of consequences.' And by applying the 'rule of reason' to the whole provision we construe its meaning as a whole to condemn the intentional placing of a child, or permitting him to be placed, in a situation in which serious physical danger or health hazard to the child is reasonably foreseeable. This is the construction of intent which the context of the statute as a whole justifies, and so construed we find it not void for vagueness."

That decision is adequate authority for rejecting the defendant's attack on the statute here.

### Sufficiency of the Evidence

■ Defendant urges that the evidence is insufficient because there was no expert testimony that the conditions shown by the evidence were likely to injure the health of any of the children.

We cannot agree that expert testimony was necessary. The standard imposed by the statute is for the guidance of laymen. The court could and did act upon the same common knowledge which was imputed to the defendant.

Actual injury to the child need not be proved because it is not an element of the offense defined in the third clause of section 273a. The crime, as the *Beaugez* opinion points out, is causing or permitting the child to be placed in a hazardous situation.

This is not, as defendant suggests, a prosecution for poor housekeeping. This record discloses conditions of filth and wanton neglect which even the most ignorant and insensitive parent should recognize as hazardous to children.

The evidence supports the finding that at least some of the children found in defendant's home on December 15, 1963, were in her custody. We must assume in favor of the judgment every fact which the trial court could reasonably have inferred from the evidence. (*People* v. *Hills,* 30 Cal.2d 694, 701 [185 P.2d 11].) The evidence showed that defendant had been living in the home with a number of children for eight to ten months. When the investigator came, she told him that three of those who were then present, Andrea, Artie and Crystal, were her own. The information charges that the children who were endangered were Margarett R. Blackston, Derral E. Blackston and Andria M. Hunter. It was a reasonable inference that Andrea had been living there in her mother's custody, and that she was the person referred to in the information as Andria M. Hunter. If the child's name was not ''Hunter'' the variance is immaterial. (Pen. Code § 956; *People* v. *Foster,* 198 Cal. 112, 122 [243 P. 667].)

### Sufficiency of the Information

■ Defendant points out that the information fails to allege that she had the care or custody of any children. Her argument is that since the statute applies only to a person ''having the care or custody of any child,'' the information is fatally defective.

We accept defendant's premise that the third clause of section 273a applies only to a person ''having the care or

custody'' of the child. The second clause of the section refers to a person ''having care or custody of any child'' who causes or permits the child to be endangered or its health injured; while the third clause applies to a person who causes or permits ''such child to be placed in such situation that its life or limb may be endangered, or its health likely to be injured, . . .'' The crime described in the second clause is clearly limited to persons having care or custody of the child. The use of the expression ''such child'' in the third clause apparently was intended to mean a child in the care or custody of the person referred to in the previous clause. Otherwise the incongruous result would be that the crime of actually endangering a child would apply to a more limited class of persons than the crime of placing a child in a situation where it may be endangered.

The text of the information is as follows: ''The said BEVERLY FRANCIS BLACKSTON and MARGRETT HARRIS are accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of VIOLATION OF SECTION 273a, PENAL CODE, a felony, committed as follows: That the said BEVERLY FRANCIS BLACKSTON and MARGRETT HARRIS, on or about the 15th day of December, 1963 at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously cause and permit Margarett R. Blackston, a child of two years, Derral E. Blackston, a child of three years, and Andria M. Hunter, a child of two and a half years, to be placed in such situation that their life and limb might be endangered and their health likely to be injured.''

Penal Code section 952 provides: ''In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.''

Penal Code section 1004 authorizes a defendant to demur to the information upon the ground (among others) that it

does not substantially conform to the provisions of section 952.

Penal Code section 1012 provides: "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment."

Defendant did not demur to this information, nor did she make a motion in arrest of judgment, nor did she call the trial court's attention to the alleged defect in any other way.

This case was tried and decided upon the assumption that "care or custody" was in issue. When the motion for a new trial was heard, defendant's counsel argued that the evidence was insufficient to show "that that child was this defendant's child." The prosecutor responded by referring to the testimony that defendant had said Andrea was her child.

The information gave the defendant notice that she was charged with a violation of section 273a, and the charging language was substantially in the words of the third clause of the section. The allegation that she did "feloniously cause and permit" the children "to be placed in such situation" carries the implication that defendant had some control or responsibility for the children. Defendant had the benefit of the evidence introduced at the preliminary examination, which served to give her notice of the circumstances of the alleged offense. (*People* v. *Roberts,* 40 Cal.2d 483, 486 [254 P.2d 501].) There is nothing in the record to indicate that defendant was misled or handicapped in any way by the form of the pleading, and her counsel makes no contention now that she was misled. Under the circumstances, we conclude that the information does charge a public offense in words sufficient to give notice to the defendant (cf. *People* v. *Carter,* 233 Cal.App.2d 260, 264 [43 Cal.Rptr. 440]), and that the defect in language is not one which is so fundamental that it may be raised for the first time on appeal.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.