Opinion
DOZIER, P. J.
The defendant was charged with violating section 597 of the Penal Code in that he subjected certain horses to “needless suffering *Supp. 3 and unnecessary cruelty.” At the beginning of the trial the prosecutor and defense counsel stipulated that the “cruelty” that would properly be involved in the trial was the failure to provide the animals with proper feed and water.
Evidence was introduced from lay witnesses that there was a lack of proper food and water. Two veterinarians testified as to the physical condition of the animals. Neither was able to say that any animals died because of lack of feed or water.
Defense counsel requested that the jury be instructed that conviction requires proof of malice, i.e., in the sense that the failure of feeding and watering was committed, with intent to injure the animals (or with reckless disregard of whether they were injured or not).
The trial court refused to give the instruction-, and instead, instructed the jury that guilt could be found upon proof that the animals were not properly fed or watered and that the defendant acted “wilfully” only in the sense of Penal Code section 7, i.e., that he intended to do, or fail to do, the acts he did without any necessity of proof of (a) intent to injure, or (b) reckless disregard of whether injury might occur, or (c) negligent failure to take reasonable care to avoid injury.
Farley was convicted and has appealed. We must decide whether a person can be convicted of cruelty to animals without any proof of culpability by way of intent, recklessness or negligence other than his conscious intention to give the amount and type of feed and water he provided.
This superficially innocuous question leads us into an area where the California appellate decisions are in astonishing. disarray.
First, we should note that despite the long history of Penal Code section 597 there is no square case in California deciding the question. In re Mauch, 134 Cal. 500 [66 P. 734], which required proof of malice was decided in 1901 at a time that the statute specifically required proof of malice, a requirement later removed or made applicable by the Legislature to only small portions of the statute.
Second, decisions in other states involving similar statutes are inconsistent. In State v. Vance (1956) 119 Vt. 298 [125 A.2d 800] Vermont ruled that proof of malice is not necessary for the crime of cruelty to animals. State v. Brookshire (Mo. 1962) 355 S.W.2d 333, however, required proof of criminal intent as did Muhlhauser v. State, 15 Ohio C.D. 81 [1 Ohio C.C.N.S. 273]; 82 A.L.R.2d 853. Commonwealth v. Wood, 111 Mass. 408; 82 A.L.R.2d 809 declared its equivalent of “wanton disregard" to be necessary.
*Supp. 4 Third, the California decisions in various analogous areas of criminal law to which we must look for guidance are impossible to wholly reconcile.
At common law, of course, there could be no conviction of any substantial crime without proof of moral culpability by showing that the defendant intended to violate the law or to inflict the injury or that he acted with wanton and reckless disregard of the injurious consequences'of his act.
In California, however, as the Legislature continually added new crimes to the Penal Code, courts began to ignore the necessity of proving malice unless the statute specifically required it. Defendants were convicted upon proof that they intentionally committed the act irrespective of their lack of moral culpability (e.g., People v. Ratz, 115 Cal. 132, [46 P. 915] good faith belief that the girl was over 18 no defense to charge of statutory rape).
Resurrection of Penal Code Section 20
Finally, in a landmark series of cases, in 1956 the California Supreme Court resurrected from oblivion Penal Code section 20—“Every crime requires proof of either criminal intent or criminal negligence”—and held that if the specific criminal statute is silent on the question, Penal Code section 20 prevails and conviction requires proof by the prosecutor of malice. In People v. Vogel, 46 Cal.2d 798 [299 P.2d 850], the court ruled that a good-faith belief in legality or remarriage was a defense to bigamy.
People v. Vogel, 46 Cal.2d 798, 801: “So basic is this requirement [of criminal intent] that it is an invariable element of every crime unless excluded expressly or by necessary implication.” (Italics added.)
See 45 California Law Review at page 70 discussing People v. Vogel, 46 Cal.2d 798, where bona fide belief in freedom to remarry was held a defense to bigamy because under Penal Code section 20 there was no “criminal intent.”
Squarely held that the word “intent” in Penal Code section 20 means “criminal intent.” The Penal Code section 7 “willfulness” is insufficient.
In People v. Stuart, 47 Cal.2d 167 [302 P.2d 5, 55 A.L.R.2d 705: Druggist without negligence puts sodium nitrite instead of sodium citrate in a prescription and kills the baby. Held, he cannot be guilty of a violation of Penal Code section 192 (manslaughter) because there was no criminal intent or criminal negligence, citing People v. Penny.
Criminal intent or criminal negligence is an invariable element of every *Supp. 5 crime unless excluded expressly or by necessary implication (People v. Vogel, 46 Cal.2d 798 [299 P.2d 850]).
People v. Penny, 44 Cal.2d 861 [285 P.2d 926], overruled earlier cases to hold that the language “without due caution and circumspection” in the manslaughter statute must be interpreted to require criminal negligence. In People v. Hernandez, 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092], the court overruled People v. Ratz, supra, and held good-faith belief in appropriate age a defense to statutory rape.
People v. Hernandez, supra, 61 Cal.2d 529, 532-533 (good faith belief in appropriate age a defense to statutory rape): “In numerous instances, culpability has been completely eliminated as a necessary element of criminal conduct in spite of the admonition of section 20 to the contrary. . . . More recently, however, this court has moved away from the imposition of criminal sanctions in the absence of culpability where the governing statute, by implication or otherwise, expresses no legislative intent or policy to be served by imposing strict liability.”
These decisions were hailed by the commentators (see 78 Harv.L.Rev. 1257; 17 Hastings L.J. 12) who had always been aghast at the idea of criminal liability without fault, a concept sometimes expressed as absolute criminal liability or as strict liability in crime. The concept of the decisions has, in effect, been adopted in the Model Penal Code sections 2.02, 2.02, subdivision (3) and 2.05, to wit:
Model Penal Code section 2.02. “Except as provided in section 2.05, a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.” (Italics added.)
Model Penal Code section 2.02, subdivision (3): If the culpability necessary is not specifically provided by law, such element is established if a person acts purposely, knowingly or recklessly.
Model Penal Code section 2.05: Absolute liability only if Legislature clearly prescribes it.
Public Welfare Offenses
Vogel, Stuart and Penny each contained the same exception to their new rule; an exception which sometimes seems to threaten to gobble-up the new rule completely. This exception is that the new rule does not apply to “public welfare offenses” or “regulatory offenses” such as traffic regulations, food and drug statutes where (a) penalties are light and (b) no *Supp. 6 moral obloquy is involved and (c) the intent is to regulate and not correct or punish, People v. Vogel, 46 Cal.2d 798 [299 P.2d 850]). Convictions of this type of crime are permitted without proof of criminal intent or criminal negligence.
This concept of “public welfare offenses” and which crimes to include therein has proved baffling to the Courts of Appeal (see fn. in People v. Beaugez, 232 Cal.App.2d 650 [43 Cal.Rptr. 28], frankly acknowledging their frustration). 1 Witkin, California Crimes (1963) pages 66-68 points out that the Courts of Appeal have not only included within “public welfare offenses” such obvious candidates as sanitary regulations (People v. Balmer, 196 Cal.App.2d Supp. 874 [17 Cal.Rptr. 612]) but also some “true crimes” such as contributing to the delinquency of a minor (People v. Miller, 145 Cal.App.2d 473 [302 P.2d 603]) and embezzlement by a public officer (People v. Dillon, 199 Cal. 1 [248 P. 230]).
They have not followed logical or rational principles in defining or restricting “public welfare offenses” so we can best be helped in reaching our decision by a brief marshalling of the results of recent appellate cases. It is to be noted that in most of these cases the California Supreme Court has denied a hearing whether or not the results appear to be in strict conformity with Vogel, Penny and Stuart.
In the following cases, the courts have held that Vogel, Penny and Stuart apply and that criminal intent or reckless disregard (i.e., malice) must be shown even though the criminal statute does not specify it: (1) People v. Stephens, 30 Cal.App.2d 67 [85 P.2d 487], where the word “abandon” in Penal Code section 271 construed to mean intentional failure to supply known needs of a child; (2) People v. Swiggy, 69 Cal.App. 574 [232 P. 174], where failure to provide for child held to require criminal intent. To same effect, see People v. Sorenson 68 Cal.2d 280 [66 Cal.Rptr. 7, 437 P.2d 495, 25 A.L.R.3d 1093]; (3) People v. Thomas, 267 Cal.App.2d 698, 706 [73 Cal.Rptr. 590] (statutory rape); (4) People v. Superior Court (1969) 70 Cal.2d 123, 132 [74 Cal.Rptr. 294, 449 P.2d 230] (telephonic eavesdropping). “Eavesdropping is not one of that class of crimes that affects public health, welfare or safety for which strict liability is often imposed without any ingredient of [criminal] intent. . . .”
In the following cases they have held that criminal intent need not be shown and that conviction can be had upon proof that defendant intended to do the act he did even though he may not have had any moral culpability in respect to the consequences: (1) Contributing to the delinquency of a minor: a. People v. Reznick, 75 Cal.App.2d 832 [171 P.2d 952]; b. People v. Perkins, 147 Cal.App.2d 793 [305 P.2d 932]; c. People v. Miller, *Supp. 7 145 Cal.App.2d 473 [302 P.2d 603] (Here conviction permitted where young daughter observed defendant in act of intercourse with her mother even though it was obvious that her observance was accidental and not intended by the mother and the defendant.) (2) Selling narcotics to a minor (People v. Lopez, 271 Cal.App.2d 754, 761 [77 Cal.Rptr. 59]). (3) Lewd behavior with a 13 year old (People v. Toliver, 270 Cal.App.2d 492, 495 [75 Cal.Rptr. 819]). (4) Failure to remit collected tax money to the government (People v. Evans (1967) 249 Cal.App.2d 254 [57 Cal.Rptr. 276]). (5) Cruelty to a child, Penal Code section 273a: a. People v. Beaugez, 232 Cal.App.2d 650 [43 Cal.Rptr. 28]: This is a “public welfare” type crime, no guilty or criminal intent is required and wilful is defined to mean “the wilful doing of an act from which harm might be considered reasonably foreseeable.” b. People v. Harris (1966) 239 Cal.App.2d 393 [48 Cal.Rptr. 677]: All that is necessary under 273a is to prove the intentional placing of the child in a situation in which serious danger to his health is reasonably foreseeable.
Negligence Suggestion
It is obvious that the two cases cited just above in respect to cruelty to children are the most closely analogous to our present case of cruelty to animals. It is regarded as significant that although each rejected the necessity of showing criminal intent, neither accepted the propriety of absolute criminal liability, i.e., conviction upon mere proof that in fact the child’s health was jeopardized. Each required that the action of the convicted defendant be negligent, i.e., that he acted in such a manner that it was “reasonably foreseeable” that harm would result.
This subtlety in the law in this area is not unique to these cases. Thus, one of the deans of criminal law, Professor Perkins, states in 17 Hastings Law Journal 12: Model Penal Code—At common law there was no crime without criminal intent. The courts permitted legislatures to avoid this principle in the case of the so-called regulatory offenses. (Public welfare offenses.) The peak of the resurgence of strict liability has now passed and the tendency is to require a finding of negligence as a prerequisite to conviction of a regulatory offense. (Public welfare offenses.)
The Model Penal Code quoted, ante, on page Supp. 5 provides for possible culpability either by way of criminal intent, wanton recklessness, or negligence.
People v. Stuart, 47 Cal.2d 167 [302 P.2d 5, 55 A.L.R.2d 705]: One of the leading California cases which laid down the rule that there can be no conviction of manslaughter without criminal intent went on to say that *Supp. 8 there could be a conviction of the lesser offense in that case (Pen. Code, § 380, misfilling a prescription) upon proof that the misfilling was negligent but not otherwise.
People v. Reznick, 75 Cal.App.2d 832 [171 P.2d 952]: One of the cases that sustains a conviction of contributing to the delinquency of a minor without proof of criminal intent does point out specifically the obvious negligence of the hotel clerk in permitting a 14-year-old girl to register with two Marines.
Finally, there is some statutory basis for considering this “negligence” innovation of Beaugez and Harris. Penal Code section 599b, in defining cruelty to animals, states that it includes “neglect.” Penal Code section 7, subdivision 2 states: “The words ‘neglect,’ ‘negligence,’ ‘negligent,’ and ‘negligently’ import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns.” Read together these stautes support a conclusion that a conviction for cruelty to animals may be sustained on the basis of a finding of negligence.
Conclusion
From this survey of California law, we must decide what is the quantum of moral culpability, if any, required for conviction under Penal Code section 597.
A conclusion that it is an offense of absolute criminal liability with no culpability required does not seem sound for a number of reasons.
First, it is obviously not a strictly regulatory offense like food or sanitary regulations.
Second, it is not a “public welfare offense” of the type described in Vogel where punishment is light, moral obloquy slight and little intent to punish.
Third, the California Supreme Court in Vogel, Stuart, Penny, Hernandez, etc., has gone strongly on record as prohibiting conviction of substantial offenses without proof of criminal intent or criminal negligence.
Fourth, the cases most closely analogous, failure to support a child and cruelty to a child have required either criminal intent, criminal negligence, or ordinary negligence.
Fifth, the Legislature in 1972, after the Farley offense, reorganized Penal Code section 597 and provided that conviction of cruelty to animals in the sense of beating or torture requires malice and is a felony (§ 597a) *Supp. 9 and that cruelty in the sense of failing to provide proper food and water has no express requirement of malice and is a misdemeanor (§ 597b). This is some indication that in the circumlocutions, jumbled-up section 597 in effect at the time of Farley’s offense, there may have been an intent that for certain types of cruelty where certain adjectives (e.g., “maliciously,” “cruelty”) were used, malice was necessary and for other types, i.e., failure to provide proper feed and water, it was not.
A conclusion that it is an offense which requires proof of criminal intent or criminal negligence in the sense of Vogel, etc., may not be sound for the following reasons:
First, the above-discussed amendment to section 597 which on its face appears to be a reorganization rather than a recreation may indicate a previous legislative intention that certain types of cruelty to animals did not require criminal intent.
Second, the Courts of Appeal have limited the wholesale application of the rule of Vogel, etc., and have broadly defined “public welfare offenses” so that criminal intent is not required as to many crimes at least as serious as the present one (see ante, p. Supp. 4). The actual intent of a man who neglects animals may be difficult to prove and an appellate court, judged by their recent decisions, might well decide that it would not be good policy to require proof of criminal intent. This policy they would express through a finding of a “public welfare offense.”
Third, the two cases most similar to our present case, People v. Harris (1966) 239 Cal.App.2d 393 [48 Cal.Rptr. 677] and People v. Beaugez, 232 Cal.App.2d 650 [43 Cal.Rptr. 28], involving cruelty to children, both squarely ruled that proof of criminal intent or criminal negligence was not necessary.
The final possible conclusion that it is an offense which requires proof of negligence, but not more, appears to us the soundest for several reasons.
First, of course, is that it is the holding of the most closely analogous cases, People v. Harris, supra, and People v. Beaugez, supra, involving cruelty to children.
Second, it is a legal principle that has already attracted the considerable support set forth on page Supp. 7, ante.
Third, it is a legal principle that seems wise and politic for the crime of cruelty to animals by failing to provide proper food and water to them. It does not fatally violate the principle of Vogel, etc., by permitting a com *Supp. 10 pletely blameless person to be found guilty; for example, a man who attempted to provide excellent food for the animals when for reasons beyond his reasonable control either the food was improper or the animals peculiarly failed to thrive on it. On the other hand, it does not place an excessively formidable obstacle before the prosecution, i.e., to’ prove criminal intent on a man who may just have been careless, in a misdemeanor case of a type similar to those where the Courts of Appeal have chosen to avoid placing such a burden on the prosecution (see p. Supp. 6, ante.)
Therefore, it is our holding that a conviction of cruelty to animals in the sense of failing to provide them with proper food and water, while it does not require proof of criminal intent or criminal negligence, does require proof that the defendant was negligent in that he intentionally did an act (or failed to act) from which harm to the animals was reasonably foreseeable, i.e., foreseeable by a reasonably prudent man caring for horses.
In the present case, the jury was not so instructed. They were permitted to find Farley guilty upon proof only that the animals did not have proper food and that Farley was conscious and acting voluntarily. They were not instructed that there must also be evidence that a reasonable man in Farley’s position would have foreseen that harm to the animals would result from the particular type and amount of food that Farley provided. We are assuming that Farley supplied the food. If he hired someone else to supply it, the question of Farley’s negligence will involve other considerations.
The error was unfair to Farley and makes it impossible to determine upon what basis the jury decided. The conviction is therefore reversed and the trial court is directed to proceed in accordance herewith.
In the event upon retrial that the defendant asks for instructions that a violation of section 597 is a specific intent crime as distinguished from a general intent crime, this court for the guidance of the trial court, rules that it is not a specific intent crime for the reasons set forth in this opinion and the principle set forth in People v. Curtiss, 116 Cal.App. 771 [300 P. 801]; People v. Glover, 257 Cal.App.2d 502 [65 Cal.Rptr. 219]; People v. Hood, 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370]; People v. Nance, 25 Cal.App.3d 925 [102 Cal.Rptr. 266] and 13 Santa Clara Law. 349.
Sullivan, J., concurred.
Darrah, J., deeming himself disqualified, did not participate.