Opinion
SAETA, J.
A jury found defendant guilty of violating Penal Code section 597, subdivision (b). The charge involved neglect of animals she owned.[1] On appeal defendant claims that the evidence was insufficient to show that she had the intent to harm or neglect her animals.
*Supp. 3 The facts are presented to us in a settled statement which presents a sometimes disjointed summary of the many witnesses’ testimony. Defendant owned three horses, several dogs, cats, goats and some fowl. In July 1978 she left her home for an eastern trip. She told her stepfather (Duff) and a feedstore employee (Madrid) she would return about September 1. Defendant made vague arrangements with Duff and Madrid for feeding of her animals before she left her home. Madrid commenced caring for the animals; Duff paid for the food.
About August 15, Duff left the area, the animals being in good condition at that time. Madrid fed the animals for about one month more —to about September 14. Defendant found out, by a phone call to Duff on September 8, that Duff would no longer pay for feed. (Defendant had been delayed in her return to her home by two car breakdowns.) On September 14, defendant called Duff, the Antelope Valley Sheriff, Madrid and Chindale (a friend) seeking care for the animals until her return. Apparently, Madrid refused both defendant’s and Chindale’s requests to work further as he had already paid out $60 of his own money for feed. Chindale testified that she volunteered to pay for the feed in her conversation with Madrid.
The animal control officer posted the premises on September 19. Defendant returned the same day. She was charged with neglect of her animals on or about September 19, 1978. There is substantial evidence that some of the animals were in a thin and dehydrated condition due to a shortage of food, water, shelter and protection from the weather. Thus the only issue is whether or not defendant had the requisite intent to be guilty of violating the statute charged.
People v. Farley (1973) 33 Cal.App.3d Supp. 1 [109 Cal.Rptr. 59] held that the offense in question “requires proof of negligence, but not more.” (Id, at Supp. 9.)[2] We disagree, In our view, a conviction *Supp. 4 of Penal Code section 597, subdivision (b) requires proof of criminal negligence, a higher standard of culpability than that required in Farley. The Farley court felt bound by two prior Court of Appeal decisions, People v. Harris (1966) 239 Cal.App.2d 393 [48 Cal.Rptr. 677] and People v. Beaugez (1965) 232 Cal.App.2d 650 [43 Cal.Rptr. 28]. These cases interpreted Penal Code section 273a, an analogous statute involving permitting children to be endangered. Harris in turn, relied on Beaugez in deciding that ordinary negligence was the only element of intent in child endangering. We think the analogy to child endangering decisions is apt, but that Beaugez and Harris have been weakened in their persuasiveness, since Farley was decided, in People v. Peabody (1975) 46 Cal.App.3d 43 [119 Cal.Rptr. 780]. Peabody also construed Penal Code section 273a. After reviewing Penal Code section 20 and the Supreme Court cases of People v. Stuart (1956) 47 Cal.2d 167 [302 P.2d 5, 55 A.L.R.2d 705] and People v. Penny (1955) 44 Cal.2d 861 [285 P.2d 926], the Peabody court held that “Penal Code section 273a, subdivision (1) requires proof of criminal negligence which means that the defendant’s conduct must amount to a reckless, gross or culpable departure from the ordinary standard of due care; it must be such a departure from what would be the conduct of an ordinarily prudent person under the same circumstances as to be incompatible with a proper regard for human life.” (46 Cal.App.3d at pp. 48-49.) This standard is higher than the ordinary negligence standard specified in Farley.
Peabody distinguishes Beaugez by stating that Beaugez was concerned, not with the quantum of negligence, but, rather with whether the statute was constitutionally vague. (46 Cal.App.3d at p. 48.) We agree with this interpretation and are more persuaded by Peabody than by Harris or Beaugez given the trend in the law, exemplified by the Stuart and Penny cases in the Supreme Court, toward limiting the number of crimes where no intent or limited criminal intent will be allowed. Under Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], we are bound to follow Supreme Court and Court of Appeal decisions, but not appellate department decisions. (C.I.T. Corp. v. Biltmore Garage (1934) 3 Cal. *Supp. 5 App.2d Supp. 757, 762-763 [36 P.2d 247]; People v. Alves (1957) 154 Cal.App.2d Supp. 877, 880 [315 P.2d 755]; Fentress v. Van Etta Motors (1958) 157 Cal.App.2d Supp. 863, 865 [323 P.2d 227].) Where the appellate cases are in conflict, we are free to choose the most persuasive decision. Auto Equity Sales, supra, at p. 456.) We choose to follow Peabody.
In our case defense counsel, relying on People v. Farley, suggested the instruction that was given.[3] We do not find this invited error as we do not discern any tactical purpose deliberately decided upon by the defendant’s trial counsel. Absent such a purpose or tactic, the duty still rests upon the trial court to render a full and correct instruction on the important element of the requisite criminal intent. (People v. Barraza (1979) 23 Cal.3d 675, 683-684 [153 Cal.Rptr. 459, 591 P.2d 947].)
On retrial the court should instruct the jury using CALJIC No. 3.32 (not No. 3.30) with a paraphrase of the definition of criminal negligence from People v. Peabody, supra, so that it applies to animals, not children, In addition, the trial court should be aware of the rule of law that a principal is not criminally liable for the criminal act of his agent unless he authorized, consented to, advised, aided or encouraged the specific act. (People v. Travers (1975) 52 Cal.App.3d 111, 114 [124 Cal.Rptr. 728].) Travers held that this principle does not apply to strict liability criminal offenses, but, as we have seen Penal Code section 597, subdivision (b) is not a strict liability offense. The court, on request, should instruct on this principle if the evidence shows, as it did at the first trial, that defendant was relying on friends and employees (Madrid) to care for her animals in her absence.
The judgment of conviction is reversed.
Ibáñez, P. J., and Fainer, J., concurred.

 Penal Code section 597, subdivision (b) reads as follows: “(b) Except as otherwise provided in subdivision (a), every person who overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, drink or *Supp. 3 shelter, cruelly beats, mutilates, or cruelly kills any animal, or causes or procures any animal to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, drink or shelter, or to be cruelly beaten, mutilated, or cruelly killed; and whoever, having the charge or custody of any animal, either as owner or otherwise, subjects any animal to needless suffering, or inflicts unnecessary cruelty upon the same, or in any manner abuses any animal, or fails to provide the same with proper food, drink, shelter or protection from the weather, or who drives, rides or otherwise uses the same when unfit for labor, is for every such offense, guilty of a misdemeanor.”

 Farley states its ruling on the following words: “Therefore, it is our holding that a conviction of cruelty to animals in the sense of failing to provide them with proper food *Supp. 4 and water, while ft does not require proof of criminal Intent or criminal negligence, does require proof that the defendant was negligent in that he intentionally did an act (or failed to act) from which harm to the animals was reasonably foreseeable, i.e., foreseeable by a reasonably prudent man caring for horses." (33 Cal.App.3d Supp. 1 at Supp. 10, italics in original.) The actual holding of the case was a reversal as the jury had not been instructed that defendant had to be guilty of negligence after applying a reasonable man standard.

 The instruction on intent that was given in our case is: “The offense of cruelty to animals in the sense of failing to provide them with proper food and water does not require proof of criminal intent or criminal negligence, but it does require proof that the defendant was negligent in that she intentionally did an act or failed to act from which harm to the animals was reasonably foreseeable, i.e., foreseeable by a reasonably prudent person caring for animals."