**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALAISHA TYSHARI BROWDER, individually; DORISTEEN COLEMAN, as guardian ad litem for minor children, D.K.A. and M.K.T., | No. 22-55846 |
| | D.C. No. 5:19-cv-02306-JGB-SP |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| COUNTY OF SAN BERNARDINO; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 9, 2024
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Plaintiffs Alaisha Tyshari Browder and Doristeen Coleman, guardian ad

litem for Browder's two minor children, sued the County of San Bernadino and

two of its officers—Deputy Jeremiah Cornett and Detective Thomas Boydston—

for violations of Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983 and

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

their rights under California law.  Plaintiffs appeal from the district court's grant of summary judgment in favor of Defendants on all eight of Plaintiffs' claims.  We have jurisdiction under 28 U.S.C. § 1291, and in reviewing the district court's grant of summary judgment de novo, we view the evidence in the light most favorable to the non-moving parties.  *U.S. Sec. & Exch. Comm'n v. Husain*, 70 F.4th 1173, 1180 (9th Cir. 2023).  We **AFFIRM** in part, **REVERSE** in part, **VACATE** the judgment in part, and **REMAND** for further proceedings.

1.    The district court erred in granting summary judgment in favor of Cornett on Browder's claim for malicious prosecution.[1]   A plaintiff may bring a malicious prosecution claim "not only against prosecutors but also against others— including police officers[]—who wrongfully caused [her] prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).  To prevail, "a plaintiff must show that 'the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right.'" *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

The district court found as a matter of law that Cornett had probable cause to arrest Browder for child endangerment under California Penal Code § 273a(a), and that Cornett therefore had an absolute defense to malicious prosecution.  *See*

_____

[1] Because Browder failed to raise a triable issue of material fact as to Boydston's alleged liability for malicious prosecution, we affirm the district court's grant of summary judgment in favor of Boydston.

*Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009). This was error. Genuine disputes of material fact remain as to whether Cornett's arrest was supported by probable cause.

"Generally, 'the existence of probable cause is a question for the jury,' though summary judgment is appropriate when there is no genuine issue of fact and if 'no reasonable jury could find an absence of probable cause under the facts.'" *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023) (quoting *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994)). Probable cause analysis cannot be reduced to "a neat set of legal rules." *United States v. Willy*, 40 F.4th 1074, 1080 (9th Cir. 2022) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). Instead, we "must 'examine whether the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime.'" *Id.* (quoting *United States v. Valencia*, 24 F.3d 1106, 1108 (9th Cir. 1994)).

California Penal Code § 273a(a), the charge for which Cornett arrested Browder, provides:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four,

or six years.

Cal. Pen. Code § 273a(a).[2]  The district court found the following facts established probable cause to arrest Browder as a matter of law:

> Here, while searching Browder's residence [for evidence of forgery] pursuant to a warrant, Cornett noticed rotten food on the floor, a trash bin filled with trash and rotten food, knives and other eating utensils throughout the residence, knives between couch cushions, a nearly empty fridge, and boxes and bags scattered throughout the residence. []Cornett also smelled a foul odor, which he assumed came from the rotting food. []From these conditions, Cornett determined the residence was uninhabitable and posed a safety and health risk to Browder's children.   []Browder herself told Cornett the residence was uninhabitable, though she claimed it was because she was in the process of moving due to her eviction.[3]

While some of these facts support probable cause, some cut both ways, and other undisputed facts cut against a finding of probable cause.  For instance, the fact that Browder "was moving out of the apartment" at the time of the search, her explanation that "the residence was in disarray because she was packing," and her

---

[2] Section 273a(b), the charge that the County ultimately brought against Browder, makes it a misdemeanor to engage in the same conduct in instances where a likelihood of "great bodily harm of death" is lacking.  Cal. Pen. Code § 273a(b).

[3] The dissent notes that multiple pill bottles were strewn about the floor of Browder's home and accessible to Browder's children, and finds this fact supports a finding of probable cause.  Allowing children access to dangerous pills is certainly dangerous.  But neither the district court, nor the parties' briefing, nor Cornett's report mention these pill bottles, and there is no indication of what kind of pill bottles they were or whether they were empty or full.  Absent some indication that the pill bottles contained dangerous pills, this fact has little bearing on the probable cause analysis.

4

statement that "she knew the residence was currently not in a habitable condition," as recounted in Cornett's report, plausibly support opposite inferences: either that Browder's home was not habitable in general, or that Browder's home was not presently habitable at the time of the arrest because Browder and her children were in the midst of a move. Indeed, one of Browder's minor children reported to Cornett that "the residence was typically clean[;] however, for the past two or three days they had been packing items to move out."

Cornett's report also contained a misrepresentation about the knives that he observed at Browder's home on the day of the arrest. He wrote: "Steak knives and other eating utensils were found throughout the residence. Some of the steak knives were found between the couch cushions." These statements are untrue. During Browder's subsequent trial for child endangerment, Cornett testified under oath that he found only one steak knife at the residence; it was on a kitchen counter. And the knives that Cornett reported finding in the couch were two butter knives. Although butter knives on the couch may weigh in favor of a finding of probable cause, the notion that the presence of steak knife on a kitchen counter placed Browder's then seven- and eleven-year-old children in a situation "likely to produce great bodily harm or death," Cal. Pen. Code § 273a(a), strains credulity. So too with the report's mention of "other eating utensils." The report, and the district court's order, leave us guessing whether these other utensils were plastic

5

spoons or meat cleavers; they do not demonstrate probable cause for child endangerment as a matter of law.

Moreover, when Browder was ultimately tried for child endangerment under California Penal Code § 273a(b), the trial judge dismissed the case at the close of the prosecution's case-in-chief "based on the state of the evidence at [that] time." Although the trial judge's determination that the prosecutor could not prove child endangerment under section 273a(b) beyond a reasonable doubt is not dispositive of whether Cornett had probable cause to arrest Browder for the more serious charge under section 273a(a), the finding of insufficient evidence to convict under section 273a(b) cuts against a finding that Cornett had probable cause to arrest under section 273a(a).

Because the evidence points both ways on probable cause, and viewing that evidence in the light most favorable to Browder, we hold that the district court erred in resolving the probable cause inquiry on summary judgment. *See Johnson*, 79 F.4th at 1003 (reversing district court's determination that officers had probable cause to arrest plaintiff for child endangerment where facts cut both ways because "whether officers had probable cause to arrest [plaintiff] presents a jury question").

Our dissenting colleague cites California case law for the proposition that probable cause for child endangerment arises whenever a house is "extremely filthy" or presents "unsanitary condition[s]," and asserts that standard is plainly

6

met here.  Dissent at 2 (citing *People v. Odom*, 226 Cal. App. 3d 1028, 1033

(1991); *People v. Little*, 115 Cal. App. 4th 766, 772 (2004)).  But that reading of

the case law lowers the bar for child endangerment far beyond that contemplated

by those courts or the decisions upon which they rely.  These cases did not find

child endangerment based on filthy or unsanitary conditions alone; and the

conditions in Browder's home at the time of her arrest do not hold a candle to the

homes those courts considered.  *See People v. Harris*, 239 Cal. App. 2d 393, 395

(1966) ("There was a sickening odor of defecation everywhere.  . . .  On the

bedroom floor there was dried defecation which had been stepped in. . . .  A child

. . . had what appeared to be dried defecation on his legs. . . .  A neighbor testified

that . . . he saw a little girl playing with a little boy's privates.  The boy was

screaming with pain and no adult seemed to be about, so the witness called the

police."); *Odom*, 226 Cal. App. 3d at 1031, 1037 (finding child endangerment

where, in addition to the children's easy access to electrical wires, loaded guns,

dogs, and explosive chemicals used in the production of methamphetamine, "feces

from two adult dogs . . . and numerous puppies were all over the home"); *Little*,

115 Cal. App. 4th at 770–72 (finding misdemeanor child endangerment under

section 273a(b) where, in addition to a "stench from rotten food and feces, piles of

garbage, [and] loose animals" in the home, the defendant's infant child was left

unrestrained on a three-foot-high bed without guardrails, "dirt, cobwebs, insects,

and cockroaches [were] everywhere," and the defendant and others in the home "possessed and used drugs in the residence"). Genuine disputes of material fact remain as to whether the conditions in Browder's home gave rise to probable cause for a violation of section 273a(a).

2. We otherwise affirm the district court's grant of summary judgment. On Browder's claim for fabrication of evidence, she failed to raise a genuine dispute of material fact as to causation. *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). And we discern no error in the district court's grant of summary judgment on Browder's claim that Cornett misled the judge who issued the search warrant for forgery by omitting or misrepresenting certain details, because the record does not show that he intentionally or recklessly omitted or misrepresented the information. *See Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1052 (9th Cir. 2018). Nor did the district court err in rejecting Plaintiffs' claim for unreasonable force arising from Cornett and Browder's act of training their guns on Plaintiffs for somewhere between 5 and 20 seconds in the course of conducting a protective sweep in an enclosed space pursuant to a valid search warrant. *See Los Angeles Cnty. v. Rettele*, 550 U.S. 609, 614 (2007) ("In executing a search warrant officers may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search."). The district court did not err in granting summary judgment on the familial interference claim because the officers

8

were justified in removing Browder's children from the home, where the children would have been left without adult supervision for an indeterminate amount of time. *See United States v. Bradley*, 321 F.3d 1212, 1225 (9th Cir. 2003).

3.      Finally, because Cornett and Boydston conducted the search of Browder's home pursuant to a valid warrant and in a reasonable manner, and had probable cause to arrest Browder for forgery, we affirm the district court's grant of summary judgment on Plaintiffs' remaining claims.

4.      In accordance with the foregoing, we **REVERSE** the district court's grant of summary judgment on Browder's claim for malicious prosecution as to Defendant Cornett, **VACATE** the judgment as to that claim, and **REMAND** for further proceedings. We otherwise **AFFIRM** the district court's grant of summary judgement as to all Defendants on Plaintiffs' remaining claims.

*Browder v. County of San Bernardino*, No. 22-55846
BUMATAY, Circuit Judge, dissenting in part:

Because the officers here had probable cause to arrest Alaisha Browder for child endangerment, I respectfully dissent.

The district court properly granted summary judgment to Defendant-Appellees. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the majority wrongly finds the characterization of two knives presents a genuine dispute of a material fact. And it believes Browder's pending move overrides the dangerous conditions in the residence. As a matter of law, probable cause existed to arrest Browder for child endangerment regardless of the knives' characterization or whether Browder planned to move.

To start, the probable cause standard "is not a high bar." *Kaley v. United States*, 134 S.Ct. 1090, 1103 (2014). Based on the totality of circumstances, we assess if probable cause existed for an arrest by "examin[ing] the events leading up to the arrest, and then decid[ing] whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *See District of Columbia v. Wesby*, 583 U.S. 48, 56–57 (2018) (simplified). At base, the inquiry merely requires "a reasonable ground for belief of guilt." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003).

1

Here, we must determine whether the officers possessed a "reasonable ground for belief" that Browder's residence constituted child endangerment as defined by California state law. *See Pringle*, 540 U.S. at 371. California defines child endangerment as subjecting one to liability "who, under circumstances or conditions likely to produce great bodily harm or death . . . willfully causes or permits [a] child to be placed in a situation where his . . . person or health is endangered." Cal. Penal Code § 273a(a). Under California law, "extremely filthy . . . and unsanitary condition[s] in [a] home constitute child endangerment." *People v. Odom*, 226 Cal. App. 3d 1028, 1033 (1991) (citing *People v. Harris*, 239 Cal. App. 393 (1966)); *see also People v. Little*, 115 Cal. App. 4th 766, 772 (2004) (finding child endangerment where residence contained "stench from rotten food and feces" and "piles of garbage"). That standard is plainly met here. The officers possessed a reasonable belief upon entering the residence that Browder subjected her two children to a situation where their health was endangered.

Even viewing the facts here in the light most favorable to Browder, the officers had probable cause for child endangerment. Photos of the residence evidence that much.

Multiple pill bottles were scattered across the floor.



Trash and debris covered most rooms in the house.







Rotted food was piled up in the kitchen and littered across countertops.





A foul odor filled the residence, presumably from the rotted food. And there was little edible food for the children to eat. At one point, Browder even volunteered that "we're not in a habitable situation." In addition to all these conditions, two knives were on the couch.



None of these facts are contested. The majority negates these facts and solely focuses on the knives' characterization—were they steak or butter knives? But that misses the "central teaching" of probable cause—it is a "totality of the circumstances approach" that employs a "practical, nontechnical conception." *See Brinegar v. United States*, 338 U.S. 160, 176 (1949) (simplified). Based on the totality of these hazardous circumstances, the officers had sufficient reason to believe Browder subjected her children—who were seven and eleven years old—to a situation endangering their health.

The majority further dismisses the perilous condition of the house because Browder said she was moving. But the officers didn't have to credit Browder's

6

purported excuse for the state of the house in their probable cause determination. *See Wesby*, 583 U.S. at 61 ("[P]robable cause does not require officers to rule out a suspect's innocent explanation of suspicious facts."). And even temporary endangerment may constitute child endangerment under § 273a(a). *Odom*, 226 Cal. App. 3d at 1035 ("We also disagree with [the] suggestion that the situation was only temporary and thus not sufficiently dangerous to create the likelihood of great bodily injury. The dangers created in the home were so hazardous that . . . the existence of the hazards even for a short time sufficiently endangered the well-being of the children to be a violation of" § 273a(a).).

Moreover, the officers recognized and documented that Browder was moving in the police report: "Browder stated she was moving out of the apartment because she was being evicted. She explained the residence was in disarray because she was packing." So the majority injecting an already-known fact here shouldn't disturb the district court decision.

Lastly, the majority claims this case falls short of probable cause because violations of child endangerment under California law included additional facts beyond filthy or unsanitary conditions. Majority at 7 ("These cases did not find child endangerment based on filthy or unsanitary conditions alone."). But the officers here didn't base their probable cause determination on unsanitary or filthy conditions alone. The only apparent difference the majority highlights is the

presence of feces in those cases. But the majority can't possibly be suggesting that there is a "feces requirement" to child endangerment.

Under California law, the question is not whether the house contained each condition present in previous cases (including feces), but whether, under the totality of circumstances, an officer had a reasonable belief that the house endangered the children. *See Odom*, 226 Cal. App. 3d at 1033 (finding violation of child endangerment based on "totality of circumstances" where "probability of serious injury is great"). *Little*, *Odom*, and *Harris* demonstrate that unsanitary living conditions, which may include feces and other conditions, can constitute *violations* of § 273a(a). But an officer doesn't have to find each danger present in those cases to form a *reasonable belief* that a house constitutes child endangerment. *See Wesby*, 583 U.S. at 57 (Probable cause "requires only a probability or substantial chance of criminal activity, not an *actual showing* of such activity." (simplified)). Mere illustrations of a violation do not *sub silentio* alter the statutory standard for conviction. *See* Cal. Penal Code § 4 ("All [Code] provisions are to be construed according to the fair import of their terms."). The standard is probable cause, not certainty of a legal violation.

The perils present here—extreme unsanitary conditions including rotted food, an emanating stench, an apparent lack of edible food, accessible pill bottles, knives

8

on a couch, and an admission that "we're not in a habitable situation here"—support a reasonable belief the house endangered the children's health.

Because the officers had probable cause to make the arrest, Browder's malicious prosecution claim should fail. So I would affirm the district court order. I respectfully dissent.