[Crim. No. 19086. Second Dist., Div. One. Sept. 13, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
TINY D. BROWN, Defendant and Appellant.

---

**COUNSEL**

Terry M. Shagin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and William S. Abbey, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**LILLIE, J.**—Defendant was convicted on count II of possession for sale of restricted dangerous drugs (§ 11911, Health & Saf. Code); count I (possession for sale of marijuana [§ 11530.5, Health & Saf. Code]) was dismissed in the interest of justice. Prior to trial defendant's motion pursuant to section 1538.5, Penal Code, was denied. No finding was made on two alleged prior felony convictions. She appeals from the judgment.

On May 20, 1970, around 10:30 p.m., three boys, ages 11, 13 and 15, who had been trying to start a tractor at the rear of his premises and who were stopped by J. L. Walker, threw bricks at Walker hitting his house and grazing his grandmother's ankle. In response to his call, Officers Amador and Drescher arrived and Walker recounted what had occurred and led them to the boys' residence. Officer Amador knocked on the door; someone asked who it was and he replied, "Police officers"; one boy opened the door and defendant said, "Come in." The officers and Walker entered and saw defendant seated on a couch in the living room area; her eyes were dilated even though the living room light was on; and when Officer Amador conversed with her regarding the boys and the information Walker had given them, they noticed her speech was thick and garbled; they detected the odor of marijuana but not alcohol and concluded she was "under the influence of some drugs or possibly marijuana." While explaining to her why they were there, Officer Amador made some observations of the living room and kitchen—dirty clothes and debris strewn about the living room and kitchen, an odor of defecation, excretion scattered about, dirty food utensils and dishes spread about the kitchen, and cockroaches. The three boys were arrested for malicious mischief and, being of the opinion that

defendant was not exercising proper care of her children, Officer Amador arrested her for child endangering. They were placed in the police car and the officer advised defendant of her constitutional rights which she acknowledged. Because of defendant's condition and the odor of marijuana in the house, Officer Amador "felt there was possibly narcotics in the residence" and asked defendant permission to search her residence; defendant replied, "Sure. I have nothing to hide. You can search, but I have to be with you"; defendant got out of the vehicle and then in the presence of Walker, the officer again asked her permission to search the residence, and defendant replied, "Sure, go ahead and search, but I want to be with you."

With defendant the officers first went into a bedroom where the odor of marijuana was strongest; in a partially opened dresser drawer they found 22 wax paper bags of marijuana, in another, a half kilo of marijuana in brick form; in the living room they found 104 aluminum packages, each containing three seconal tablets and a number of amphetamine and phenobarbital tablets. It was the opinion of Sergeant Welsch that the contraband was possessed for purposes of sale. The officers also observed animal excretions on the kitchen floor and on the floor of the bathroom, cockroaches crawling everywhere, clothing strewn about, dirt and debris on the floor, and in a pile in the middle of the kitchen dirty utensils and dishes spread about, soiled and dirty sheets and blankets on the beds and no lights in the bedroom; and the premises smelled of defecation, especially in the bathroom.

Defendant testified that she and the boys were handcuffed and taken to the police car but she was not informed of her constitutional rights; one of the officers asked if he could look in the boys' room and without waiting for an answer started toward her house; she said she would have to go with them; she told them where the boys' room was but they headed for the kitchen; she then told them not to search her house; as she tried to follow them one grabbed her by the neck and pushed her into a chair then searched her house without her permission.

 Appellant contends there was no probable cause to arrest her, therefore, any consent to search given pursuant thereto or based thereon is ineffective. She argues that there was no indication that the children were in any present or immediate danger of any kind and her arrest was illegal. Finally, she claims her consent was not voluntary.

When the officers entered the premises defendant was seated on the couch in the living room; they detected the odor of marijuana in the house; defendant's eyes were dilated and her speech was thick and garbled. They concluded that she was "under the influence of some drugs or possibly

marijuana." While talking to her about the boys, Officer Amador observed from the living room articles of clothing strewn about, much debris on the coffee table, cockroaches, and that the living room was unkempt and dirty; he saw "dirt, and on the floor, . . . the items that were about in the ktichen" (dirt, debris and animal excretions on the floor and dirty utensils and dishes) and smelled the odor of defecation. In light of the foregoing and that the three boys had been out after 10 p.m. and been involved in malicious acts twice that night, defendant was so under the influence of something she was unable or incapable of exercising proper care for the children, the children were outside at the time he was trying to interview her (10:45 p.m.), she had no physical control over them, the children were "on their own" and if she had to discipline them "I don't even know if she could get up and discipline them" and defendant was somewhat incapable of exercising judgment, partially incoherent and somewhat unaware of her surroundings, and the condition of the house, Officer Amador formed the opinion defendant was unable to exercise and was not exercising proper care of the three minors, and arrested her for child endangering, a misdemeanor (§ 273a, Pen. Code).[1] The arrest was lawful. (*People* v. *Harris,* 239 Cal.App.2d 393, 394-395, 398 [48 Cal.Rptr. 677].)

██ The search of the premises was also valid based upon the voluntary consent of the defendant after being advised of her constitutional rights. ██ A search without a warrant if made with the valid consent of the party whose personal property is the subject of the search is proper. (*People* v. *Smith,* 63 Cal.2d 779, 798 [48 Cal.Rptr. 382, 409 P.2d 222]; *People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241]; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852].) Whether consent was given is a question of fact for the trial judge (*Castaneda* v. *Superior Court,* 59 Cal.2d 439, 442 [30 Cal.Rptr. 1, 380 P.2d 641]); he found that consent in fact was given by defendant, and there is substantial evidence to support the finding. ██ However, appellant now claims her consent was involuntary. She says the "inescapable uncertainty exists" as to whether, had she and her children not been under arrest (at the preliminary hearing the judge determined there was no justification for the arrest of the minors) and she and her children not been handcuffed, she still would have given

---

[1] Section 273a, subdivision (2), reads as follows: "Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor."

her consent to a search of her home. The gist of appellant's argument is that her consent was in submission to express or implied assertion of authority, but the evidence shows no conduct of the police which would support the same. There was no illegal entry or arrest or any other illegal police conduct as in *People* v. *Haven,* 59 Cal.2d 713, 719 [31 Cal.Rptr. 47, 381 P.2d 927], and there was no refusal to assist the officers in gaining access to the house as in *People* v. *Shelton,* 60 Cal.2d 740, 743, 745 [36 Cal. Rptr. 433, 388 P.2d 665]. Appellant, in fact, not only gave her unequivocal consent to the search but accompanied the officers to the house for that purpose. We assume the officers were in uniform but there was no coercion under color of authority and nothing to show that the officers carried guns, or unholstered the same, or engaged in any other potentially coercive or threatening act. (*People* v. *Harrington,* 2 Cal.3d 991, 997 [88 Cal.Rptr. 161, 471 P.2d 961]; *People* v. *Schomer,* 17 Cal.App.3d 427, 434 [95 Cal.Rptr. 125].) And there was no demand for entrance by the officer as in *Parrish* v. *Civil Service Commission,* 66 Cal.2d 260, 269 [57 Cal.Rptr. 623, 425 P.2d 223]. There is no showing of any compulsion of the type that would render the consent constitutionally inadequate. All the record shows is that defendant and her children were under arrest and handcuffed. That fact, although relevant (*People* v. *Shelton,* 60 Cal.2d 740, 745 [36 Cal.Rptr. 433, 388 P.2d 665]), is not conclusive. (*Castaneda* v. *Superior Court,* 59 Cal.2d 439, 443 [30 Cal.Rptr. 1, 380 P.2d 641].)

"'It cannot be said as a matter of law that consent given by a defendant is involuntary because it is given while he is under arrest.' (*People* v. *Fischer* (1957) 49 Cal.2d 442, 448 [317 P.2d 967].) Rather, the question is one of fact 'to be determined in the light of all the circumstances.' (*People* v. *Michael* (1955) *supra,* 45 Cal.2d 751, 753; accord, *People* v. *Bilderbach* (1965) 62 Cal.2d 757, 762-763 [44 Cal.Rptr. 313, 401 P.2d 921].)" (*People* v. *Smith,* 63 Cal.2d 779, 798 [48 Cal.Rptr. 382, 409 P.2d 222].) Here the record shows no reluctance on defendant's part to cooperate with the police. The officers asked her permission twice; both times defendant gave it with only one condition, "I have to be with you." While appellant sets up the fact of her arrest, she has pointed out no coercive action on the part of the officers and we have found none in the record. The trial judge considering all of the evidence found her consent was freely and voluntarily given and we are not justified in disturbing the court's finding.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.