[Crim. No. 23887. Second Dist., Div. Two. May 10, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN McCLURE, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, William Berland and Ronald B. Davey, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Defendant appeals a judgment of conviction for possession of heroin. By stipulation the case was submitted to the superior court upon the transcript of the preliminary hearing. Defendant made a motion to suppress evidence under Penal Code section 1538.5.

### FACTS

A confidential reliable informant told Police Officer Neie that informant had bought heroin from appellant. Informant described appellant and told the officer where appellant lived. The officer and other police went to appellant's apartment to arrest appellant. Officer Neie knocked on the apartment door and said "Police officers, narcotics investigation." After a voice from within asked "Who is it?" Officer Neie replied "Police officers, narcotic investigation. You are under arrest. Open the door." Eight to ten seconds later appellant opened the door. Officer Neie entered and placed appellant under arrest for possession of heroin. Officer Neie advised appellant of his constitutional rights. Appellant said he understood these rights and would talk to Officer Neie. Appellant consented to a search of his apartment. The search revealed narcotic user's equipment and a quantity of heroin. The officers had no warrant for the arrest of defendant or for search. Appellant was prosecuted and convicted for possession of the heroin recovered in this search.

### APPELLANT'S CONTENTION

Upon these facts appellant makes the following contention: "Where there is no emergency or other exigent circumstances justifying a police officer's failure to seek and obtain a search warrant for a private apartment and an arrest warrant for the apartment's occupant, the officer's failure to secure lawful warrants renders invalid a warrantless search of such apartment made immediately after the warrantless arrest of such occupant, even if performed with purported consent given immediately after such arrest."

### OUTLINE OF APPELLANT'S ARGUMENT AND CONTENTIONS

We trace appellant's argument as follows: (1) The search was unlawful because the consent thereto was invalid. (2) The consent was invalid because the arrest was invalid. (3) The arrest was unlawful because it was for prior possession of narcotics but the police had only probable cause to arrest for a prior sale of narcotics; and therefore the arrest was but a

"pretext" to pursue a search which hopefully would disclose the necessary evidence to support a charge of. contemporaneous possession of narcotics.[1]

We do not agree with appellant and we affirm the conviction.

DISCUSSION[2]

### 1. *The Arrest Was Lawful.*

■ Appellant's claim that the police had probable cause to arrest appellant only for prior sale of heroin is erroneous. The officer had equally probable cause to arrest appellant for the crime of prior possession of heroin, i.e., his possession at the time appellant made the sale to the confidential reliable informant. It was reasonable for the officer to infer physical possession of heroin by defendant at the time he made the sale about which the officer was told by the informant.[3] At the preliminary hearing and at the hearing of the motion to suppress evidence, the police refused to identify the informant. This they were entitled to do.[4] This refusal by itself, or with the added fact that the police had promised the informant they would not disclose his identity, does not lead to the conclusion that the police could not have sought to prosecute defendant for the sale of heroin. As a practical matter, it might have been most difficult to prove the sale of narcotics. But that does not erase the officer's knowledge of a sale of heroin by defendant and the necessary possession

---

[1]Appellant's claims are founded upon the premise that the police had promised the informant to not reveal his name. A prosecution for the sale to the informant would almost certainly require use of informant, whereas the prosecution for possession would not necessarily require the use of the informant.

[2]Reliability of the informant, the knock, announcement and entry, the physical manner of arrest, all are matters about which there is no issue raised by appellant. We therefore do not discuss these particular matters.

[3]The fact that a sale can take place without physical possession is immaterial at this point for the reason that (a) there is no demonstration that the sale of which informant related was one wherein the defendant was acting as a mere go-between or broker, and (b) we are concerned at this point with knowledge of certain facts possessed by the officer constituting reasonable cause, not proof required for conviction of sale.

[4]Evidence Code section 1042, subdivision (c), provides: "Adverse order or finding in certain cases . . . . (c) Notwithstanding subdivision (a), in any preliminary hearing, criminal trial, or other criminal proceeding, . . . *any otherwise admissible* evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, . . . *is* admissible on the issue of reasonable cause to make an arrest or search without requiring that the name or identity of the informant be disclosed if the judge or magistrate is satisfied, based upon evidence produced in open court, out of the presence of the jury, that such information was received from a reliable informant and in his discretion does not require such disclosure." (Italics in original.)

by defendant as a part of the offense. Such difficulties of proof do not reduce the arrest to a "pretext." Under established tests the officer had the right to arrest appellant. Based upon the police refusal to divulge the informant's identity, appellant asserts that the police did not intend to prosecute a case based on the informant's testimony. This assertion is purely speculative. At the time the police went to arrest appellant, they had no knowledge that a search of appellant's apartment would divulge evidence incriminating appellant. If the search had not revealed incriminating evidence or if the police for some reason had been unable to search appellant's apartment, the police nonetheless were possessed of sufficient information and evidence to support an accusation for sale of heroin or for possession of heroin. The People could have prosecuted the defendant for these offenses. The People could have called the informant to testify irrespective of any promise made to him by the police, for the ultimate authority to decide for or against prosecution does not belong to the arresting officer, but rests with the district attorney as the representative of the People.

Assuming, arguendo, the correctness of appellant's conclusion that Officer Neie never intended to charge appellant with possession of heroin on the basis of the informant's testimony, that fact is immaterial. Officer Neie's intentions did not affect his knowledge of articulable facts that gave him the right to arrest. It is the right to arrest that is being tested. If a right exists, how can it be said that the exercise of that right is a pretext? A pretext is a false thing. A pretended thing. Here the officer did not pretend to arrest appellant secretly intending not to arrest him. He did in fact arrest appellant. The question with which we are concerned is not "why did the officer want to arrest this particular defendant?" but rather "was there reasonable cause to arrest this particular defendant?" The arresting officer's secret intentions, hopes, or purposes have nothing to do with the legality of the arrest. The legality which is based upon reasonable cause is tested by objective standards, and as we have indicated, there was reasonable cause. Appellant has not demonstrated here, nor did he object at the hearing, that there was no reasonable cause for his arrest. His claim is solely that the arrest was illegal because the officer subjectively intended to use the arrest for another purpose, to wit, a search.

Appellant relies principally upon *People* v. *Haven,* 59 Cal.2d 713, 719 [31 Cal.Rptr. 47, 381 P.2d 927], in support of his claim. *Haven* provides no support for appellant. *Haven* and the cases like it, including the two United States Supreme Court cases upon which they basically rely, *United States* v. *Lefkowitz,* 285 U.S. 452 [76 L.Ed. 877, 52 S.Ct. 420, 82 A.L.R. 775], and *Go-Bart* v. *United States,* 282 U.S. 344, 358 [75 L.Ed. 374, 383,

51 S.Ct. 153], do not say that a lawful arrest becomes unlawful by reason of subsequent conduct during a search. The *Haven* cases simply establish and recite a rule that is not disputed here, that an invalid search cannot be based solely upon a valid arrest. In other words, those cases hold merely that a valid arrest allows only a limited "search." This so-called "search," at least since the time of *United States* v. *Lefkowitz, supra,* has been sometimes denominated a "search incident to arrest." There is no such thing as a "pretext arrest" created or defined by *Haven* or the cases following it in the context that appellant seeks to use it here. An arrest is either valid or invalid. If it is invalid, any search without warrant or consent is invalid. Such invalid search would include a "search incident thereto" and "consent search," the consent to which has been given solely in response to the asserted authority of the illegal arrest.

In the matter before us the consent to the search cannot therefore be predicated upon any claimed submission to alleged improper assertion of authority based upon an improper arrest. For the reasons we explain above, the arrest was lawful.

## 2. *The Consent to Search Was Lawful.*

We turn next to the question whether there was any other improper assertion of authority as a result of which consent to search was obtained. The record does not demonstrate any such illegal police conduct. Appellant voluntarily consented to the search of his apartment. No duress or coercion was imposed upon appellant. The police did not threaten to illegally detain appellant. Appellant was properly under arrest. The police offered appellant a choice of consenting to a search or waiting until they obtained a search warrant. The police in good faith believed they could obtain a search warrant.

Appellant himself testified he consented to a search because he did not want to prolong the inevitable and because there was nothing he could do to destroy whatever was in his apartment while a police officer remained on the premises. Appellant understood that a policeman could only obtain a search warrant from a judge and that a judge could refuse to issue a search warrant. Appellant believed the police might be successful in obtaining a warrant to search his apartment.

The fact that the police stated they would obtain a search warrant did not serve to vitiate appellant's consent to search, since this statement threatened nothing more than what the officers had a legal right to do. (*People* v. *Ward,* 27 Cal.App.3d 218, 224-225 [103 Cal.Rptr. 671]; *People* v. *Rupar,* 244 Cal.App.2d 292, 298 [53 Cal.Rptr. 70]; see *United*

*States* v. *Culp,* 472 F.2d 459, 461, fn. 1.) In addition, appellant's consent to a search was not rendered involuntary merely because it was given while he was under arrest and may have been handcuffed. (*People* v. *Ward,* supra, at p. 224; *People* v. *Brown,* 19 Cal.App.3d 1013, 1017-1018 [97 Cal.Rptr. 341].)

It should be also noted that appellant was advised of his constitutional rights prior to the time his consent to search was requested. While such advisement is not necessary to sustain a finding of consent to search (*People* v. *Thomas,* 12 Cal.App.3d 1102, 1108-1111 [91 Cal.Rptr. 867]), this was an additional factor tending to show the voluntariness of appellant's consent. (*People* v. *Wheeler,* 23 Cal.App.3d 290, 305 [100 Cal. Rptr. 198]; *People* v. *Dahlke,* 257 Cal.App.2d 82, 88 [64 Cal.Rptr. 599].)

Nothing in the officers' conduct after the arrest intentionally or unintentionally displayed to appellant any untruthful statement or represented as a fact something which was not a fact. There was no misleading. The fact that the officer did not explain (a) that the court might refuse to issue a search warrant, or (b) other possible difficulties in obtaining a search warrant, did not render his statement misleading or insufficient. Appellant has failed to demonstrate that the law requires arresting officers to make the defendant's knowledge of legal procedure equal to that of the officers.

Appellant not having shown any illegal police conduct in connection with his consent to search, his consent remains voluntary and his motion to suppress evidence properly denied.

The judgment is affirmed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied June 5, 1974, and appellant's petition for a hearing by the Supreme Court was denied July 3, 1974.