234 N.J. Super. 518 (1989)
560 A.2d 1348
STATE OF NEW JERSEY,
v.
GEORGE M. HLADUN, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided March 7, 1989.
*519 Veronica Galante Nolan, Assistant Prosecutor, Somerset County Prosecutor's Office for the State of New Jersey.
John R. DeCicco, Jr., for the defendant, George M. Hladun.
ARNOLD, P.J.Cv.
The defendant moved to suppress evidence seized from his car during a warrantless search. The State sought to justify the search as a consent search on the basis that the defendant had signed a form (Appendix A) stating that he consented to the search. Although the defendant admitted that he had signed the form, he argued that he had not voluntarily consented to the search. After a hearing this Court held that the defendant's consent was involuntary based on the law applicable to the State's version of the facts surrounding the signing of the consent form. The prosecutor immediately announced her intention to move for leave to appeal, and this opinion is intended to supplement the Court's decision pursuant to R. 2:5-6(c).
At 9:15 a.m., August 1, 1988, a search warrant was issued to search the person of George Hladun and his residence at 1480 Easton Avenue, Franklin Township, Somerset County, New Jersey. The warrant was executed one hour and 5 minutes later at 10:20 a.m. The officers knocked on the rear door of the defendant's residence, and when he raised a window shade and looked out they announced their identity. Because the defendant did not open the door, the officers had to break open the *520 door in order to gain entry into the residence. Entering the premises with guns drawn, the officers saw the defendant standing in the living room. They told him they had a warrant to search him and his residence and the defendant was asked to lie down on the floor. When he refused, the officers forced him to lie down and he was handcuffed. The officers then saw that there was marijuana on a coffee table in the living room and the defendant was told that he was under arrest. Still handcuffed, he was placed on a sofa in the living room. The defendant was very angry and shouted obscenities at the officers but after a few minutes he calmed down, the handcuffs were removed, and the defendant was given Miranda warnings. After a few more minutes, he resumed shouting obscenities at the officers and they handcuffed him again. The officer in charge then directed other officers to remove the defendant from the premises and to take him to Franklin Township Police Headquarters. When the defendant refused to accompany the officers he was dragged barefoot from his residence to a police car and taken to police headquarters.
Before he was removed from his residence, one of the detectives from the prosecutor's office asked the defendant to sign a form consenting to the search of his car. The defendant refused. At police headquarters, the defendant was again given Miranda warnings and asked to sign the form by the same detective. The defendant again refused. Finally, the defendant was approached by a Franklin Township officer who told him that the officers from the prosecutor's office were leaving, that marijuana had been found in his home, that they did not have a search warrant to search his car but could apply for a warrant, and that while defendant could refuse to sign the form it would be faster if he consented since they would not have to get the warrant. The defendant then stated, "you know what's in there." The detective replied that he did not know what was in the car and that was why they were asking for his consent. Defendant then stated: "You must know what's in there if you want to search the car. You guys are *521 going to get it one way or the other. I have to be honest with you. There's a suitcase of marijuana in there." The defendant then signed the consent form. It was then 11:10 a.m., approximately 50 minutes after the officers knocked on the door of the defendant's residence to execute the warrant.
The motion to suppress evidence raises a number of issues which have not heretofore been discussed in the published opinions of the courts of the State of New Jersey. First, what is the effect of the prior refusals to consent during the 50 minutes before the consent form was signed? Second, what is the effect of the officer's statement that the police could apply for a search warrant if the defendant refused to consent to the search of his car?
Where valid consent is given, a search may be conducted without a warrant and without probable cause. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). In the federal courts, a consent to search is valid if the search is "voluntary" which means that it was free of duress or coercion. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In New Jersey, in order for the consent to be "voluntary" it must not only be free of coercion but also must be knowing, i.e., with knowledge of the right to refuse consent. State v. Johnson, 68 N.J. 349 (1975). The voluntariness of a consent must be determined from the totality of the circumstances, Schneckloth v. Bustamonte, 412 U.S. at 218, 93 S.Ct. at 2043, and the State has the burden of proving by clear and positive testimony that the consent was voluntarily given. State v. King, 44 N.J. 346 (1965), habeas corpus den. sub nom. King v. Pinto, 256 F. Supp. 522 (D.N.J. 1966).
A number of factors have been identified as being relevant in determining whether a consent to search is or is not voluntary. W. LaFave, Search and Seizure Sec. 8.2 (1987). Among the factors weighing against a finding of voluntariness in this case are the following:
*522 1. Suspect under arrest. In this case the defendant was under arrest in police headquarters at the time he signed the consent form. Such circumstances weigh against a finding of voluntariness. United States v. Hall, 565 F.2d 917, 921 (5th Cir.1978); United States v. Calhoun, 542 F.2d 1094, 1101 (9th Cir.1976).
2. Prior refusal to consent. A person's refusal to give consent is a factor which is properly taken into account as part of the "totality of the circumstances" in judging whether a later consent is voluntary. United States v. Pulvano, 629 F.2d 1151, 1157 (5th Cir.1980); see dissenting opinion in United States v. Ziemer, 291 F.2d 100 (7th Cir.1961), cert. den. 368 U.S. 877, 82 S.Ct. 120, 7 L.Ed.2d 78 (1961). The weight that should be placed upon such prior refusals depends upon the reasons given for such prior refusals. See United States v. Morrow, 731 F.2d 233 (4th Cir.1984), cert. den., 467 U.S. 1230, 104 S.Ct. 2689, 81 L.Ed.2d 883 (1984); United States v. Richards, 500 F.2d 1025 (9th Cir.1974), cert. den., 420 U.S. 924, 95 S.Ct. 1118, 43 L.Ed.2d 393 (1975). In this case the defendant's prior refusals were direct, angry refusals to consent to the search with no excuses offered for each refusal. Furthermore, the two refusals preceded the consent to search by only a short period of time. In such circumstances this court holds that the prior refusals should be given considerable weight in the determination of whether the defendant's subsequent consent was voluntary.
3. Threat to seek or obtain a search warrant. The defendant was told that if he did not consent to a search of his car the police would apply for a search warrant. However, no evidence was introduced to suggest that any evidence had been found in the search of the defendant's premises or person which would establish probable cause for the issuance of such a warrant. Where probable cause does not exist, this court holds that the threat to make application for a search warrant should weigh against a finding of voluntariness. See Dotson v. Somers, 175 Conn. 614, 402 A.2d 790, 794 (1978); People v. *523 McClure, 39 Cal. App.3d 64, 69, 113 Cal. Rptr. 815, 818 (1974); Commonwealth v. Woods, 240 Pa.Super. 72, 368 A.2d 304, 307 (1976).
4. Finally, when the defendant consented to the search he knew that the search would reveal the presence of contraband in his car. Such knowledge weighs against a finding of voluntariness. See Higgins v. United States, 209 F.2d 819, 820 (D.C. Cir.1954).
There are also a number of factors which weigh in favor of a finding of voluntariness. They are:
1. Awareness of Fourth Amendment Rights. The consent form which the defendant read and signed states that the defendant has a right to refuse to consent to a search. The defendant testified that he understood that he had the right to refuse to consent but that he signed the form because he felt "crazy" and "threatened." Nevertheless, such knowledge of the right to refuse to consent is a factor weighing in favor of a finding of voluntariness. See United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1978); Schneckloth v. Bustamonte, 412 U.S. at 218, 93 S.Ct. at 2043; State v. Johnson, 68 N.J. 349 (1975).
2. Miranda Warnings. The defendant concedes that Miranda warnings were given to him at his home and repeated at police headquarters. The fact that Miranda warnings were given is a factor weighing in favor of a finding that a subsequent consent was voluntary. United States v. Kimball, 741 F.2d 471, 474 (1st Cir.1984); United States v. Leichtling, 684 F.2d 553 (8th Cir.1982), cert. den., 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983).
3. Prior Confession. The police officers testified that after the defendant had been given Miranda warnings he shouted words to the effect that he did not sell marijuana to children. This court finds that the police testimony is credible. If a defendant makes an inculpatory statement preceding a consent to search it is a factor which weighs in favor of a finding of *524 voluntariness. United States v. Boukater, 409 F.2d 537, 539 (5th Cir.1969).
This court holds that the factors weighing in favor of a finding of involuntariness substantially outweigh those weighing in favor of a finding of voluntariness. Weighing particularly heavily in favor of a finding of involuntariness are the defendant's two prior refusals to consent, and the threat to obtain a search warrant. This court holds that the State has failed to prove by clear and positive testimony that the consent was voluntary, i.e., free of coercion. The fact that defendant consented to the search does not alone establish voluntariness. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Accordingly, the evidence seized in the search of defendant's car is suppressed.
*525